UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WILSON PAGAN,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

ORDER

17-CV-1444 (CS)
10-CR-392-1 (CS)

Appearances:

Edward S. Zas
Assistant Federal Defender
New York, New York

*Attorney for Petitioner*

Michael Maimin
Assistant United States Attorney
White Plains, New York

Abigail Kurland
Assistant United States Attorney
New York, New York

*Attorneys for the United States*

Seibel, J.

      Before the Court is Wilson Pagan's petition under 28 U.S.C. § 2255, (ECF No. 1019).[1]  I previously disposed of two of the three grounds raised in the petition, (*see* ECF No. 1080), and held in abeyance briefing on the third ground – that the residual clause of 18 U.S.C. § 924(c) is void for vagueness – pending the Second Circuit's decision in *United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018), *vacated*, 139 S. Ct. 2774 (2019), (*see* ECF No. 1035.)  Thereafter, at the

---

[1] All docket references are to No. 10-CR-392 unless otherwise indicated.

request of the parties, I held briefing in abeyance pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), (ECF No. 1120), the Second Circuit's *en banc* review of *United States v. Scott*, 954 F.3d 74 (2d Cir. 2020), (ECF No. 1197), and the petition for *certiorari* following the *en banc* ruling in *Scott*, 990 F.3d 94 (2d Cir. 2021), (ECF No. 1239). *Certiorari* in *Scott* has now been denied, 142 S. Ct. 397 (2021), and briefing before me has been completed. (ECF Nos. 1023, 1113, 1131, 1171, 1207, 1277, 1281; No. 17-CV-1444 ECF No. 39.)

The Court assumes the parties' familiarity with the record in and the procedural history of the instant case and the underlying criminal case; the standards governing § 2255 petitions; and the *Davis/Barrett/Scott* line of cases. *Davis* rejected a case-specific approach to determining if an offense was a crime of violence under 18 U.S.C. § 924(c)(3)(B) – known as the residual or risk-of-force clause – and required a categorical approach. *See United States v. Barrett*, 937 F.3d 126, 128 (2d Cir. 2019).[2] Under that approach, § 924(c)(3)(B) was found to be void for vagueness. *See id.* Thus, convictions under 18 U.S.C. § 924(c)(1)(A) or (j) that were based on underlying offenses such as conspiracies, which did not meet the requirements of 18 U.S.C. § 924(c)(3)(A) – known as the elements or force clause – must be vacated. *See id.*

---

[2] Section 924(c)(3) reads as follows:

(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

Petitioner argues here that his three convictions under §§ 924(c) or (j) must be vacated because their underlying offenses do not meet the elements clause.[3]  Specifically, he challenges his convictions on:

> •Count 30, a § 924(c) charge arising from the discharge of a firearm in connection with a racketeering conspiracy;
>
> •Count 32, a § 924(j) count arising from the discharge of a firearm in connection with four violent crimes in aid of racketeering – murder conspiracy, conspiracy to assault with a dangerous weapon, attempted murder and murder – all related to the May 6, 2008 murder of Jeffrey Zachary; and
>
> •Count 33, a § 924(c) count arising from the discharge of a firearm in connection with a violent crime in aid of racketeering – conspiracy to commit assault with a dangerous weapon – related to a November 1, 2008 shooting at members of the Bloods.

The Government concedes that Counts 30 and 33 must be vacated because they rest solely on conspiracy counts that do not meet § 924(c)(3)(A), which requires the predicate offense to have "as an element the use, attempted use, or threatened use of physical force."  But it argues that Count 32 should stand for two reasons: 1) Petitioner's vagueness challenge to that count was procedurally defaulted because it could have been raised on direct appeal; and 2) that count has valid underlying non-conspiracy predicates that meet the requirements of the elements clause.  Petitioner disagrees, arguing that: 1) his procedural default should be excused because there is cause for his failure to raise the issue on appeal and prejudice to him if the merits are not reached; and 2) attempted murder in aid of racketeering and murder in aid of racketeering

---

[3]Defendant does not dispute that Count 29, a § 924(c) conviction based on an underlying narcotics conviction, should stand because it is based on a drug trafficking crime.  *See* 18 U.S.C. §§ 924(c)(1)(A), (c)(2).  Counts in this decision are numbered as they appear in the S20 Indictment, (ECF No. 629). They were renumbered in the redacted indictment used for trial.  A chart correlating the numbers for the counts relevant to the instant petition appears in ECF No. 1113 at 8-9.

do not meet the requirements of § 924(c)(3)(A) under the categorical approach because they are based on state-law crimes that can be committed by inaction or can be committed recklessly.

I. Procedural Default

Failure to raise a claim on direct appeal forecloses review of that claim under § 2255, unless the movant can show either cause and actual prejudice, or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). This is so even if, after the conviction has become final, there is a change in substantive law helpful to the movant. *See id.* at 621-22; *United States v. Thorn*, 659 F.3d 227, 231-33 (2d Cir. 2011). To show cause for failure to raise the issue on direct appeal, the movant must demonstrate an objective factor that prevented him from raising it, such as the claim being so novel that it was not reasonably available. *Bousley*, 523 U.S. at 622. "[T]he question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available' at all." *Thorn*, 659 F.3d at 233 (cleaned up). If others were raising the claim at the time of direct review, it was "available" even if it would not have succeeded in the particular court. *Bousley*, 523 U.S. at 622-23. To show prejudice, petitioner must show an error that "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (cleaned up) (emphasis omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

It is undisputed that Petitioner did not raise a vagueness challenge to Counts 30, 32 and 33 on direct appeal, but he argues that there is cause for that failure, in that the claim was not available at the time because *Davis*'s predecessor, *Johnson v. United States* ("*Johnson II*"), 576 U.S. 591 (2015) – which found void for vagueness a provision of the Armed Career Criminal Act

4

that was similarly worded to the residual clause – was a clear break with past precedent such that the vagueness argument was not available to Petitioner on appeal.  (ECF No. 1171 at 17-21.)  I disagree.

"Many courts in this Circuit have found that defendants' failure to challenge their conviction pursuant to *Johnson* [*II*] on direct appeal precludes reliance on *Davis* in a collateral proceeding, because *Johnson* [*II*] provided all of the tools to construct a constitutional vagueness challenge to a conviction under the residual clause prior to *Davis*."  *United States v. McCarron*, No. 15-CR-257, 2020 WL 2572197, at *5 (E.D.N.Y. May 20, 2020) (cleaned up) (collecting cases).  The Supreme Court granted *certiorari* in *Johnson II* on April 21, 2014.  572 U.S. 1059 (2014).  The Eighth Circuit decision it agreed to review had been decided on July 31, 2013, and the vagueness argument of the defendant there was based on two dissents by Justice Scalia from 2007 and 2011.  *See United States v. Johnson*, 576 F. App'x 708, 711-12 (8th Cir. 2013) (summary order), *reversed and remanded*, 576 U.S. 591 (2015).  *Johnson II* was decided on June 26, 2015, two months before oral argument on Petitioner's appeal on August 21, 2015.  Neither during the two months between the decision in *Johnson II* and oral argument, at oral argument, or in a petition for rehearing filed thereafter on October 15, 2015, did Petitioner even attempt to request permission to raise a vagueness challenge.  *See, e.g., United States v. Williams*, 756 F. App'x 73, 76 (2d Cir. 2019) (summary order) (Court granted motion, made after oral argument, to file supplemental brief addressing vagueness of risk-of-force clause); *Cassidy v. Chertoff*, 471 F.3d 67, 74 n.1 (2d Cir. 2006) (after oral argument, court granted plaintiffs' motion to file supplemental brief to address recent decision).  Indeed, the Supreme Court granted *certiorari* in *Johnson II* eight months before Petitioner's opening brief in the Circuit was filed, yet he did not

raise the issue.  *See Thorn*, 659 F.3d at 233 (claim available where, by the time of petitioner's direct appeal, other defense attorneys had raised the argument).  The vagueness challenge was therefore available.

Petitioner also argues that raising the vagueness issue on appeal would have been futile because the claim would have failed under controlling Circuit precedent at the time, (ECF No. 1171 at 18-21), but that the claim would have been "unacceptable to that particular court at that particular time" does not constitute cause, *Bousley*, 523 U.S. at 623 (cleaned up).[4]

Further, although I need not reach prejudice, there is none with respect to Count 32 because – as discussed below – the record is clear that the jury, in convicting on those counts, relied on crimes of violence that meet the elements clause of § 924(c).  Petitioner does not argue actual innocence.

For the above reasons, the vagueness challenge to Count 32 is procedurally defaulted.

II.     Merits

I nevertheless reach the merits in an excess of caution.

The Government concedes that the conspiracy predicates of Count 32 can no longer, after *Davis*, support a conviction under § 924(c) or § 924(j), because conspiracy to commit a crime of violence does not fit under the elements clause, and the residual clause is void for

---

[4]*Camacho v. United States*, No. 13-CR-58, 2019 WL 3838395 (S.D.N.Y. Aug. 15, 2019), on which Petitioner relies, does not convince me otherwise.  The court there relied on the fact that the Supreme Court "did not take up or decide" *Johnson II* until after the petitioner had filed his direct appeal.  *See id.* at *2.  Here the Supreme Court had "take[n] up" *Johnson II* well before Petitioner's appellate brief was due.  Further, to the extent *Camacho* relied on the fact that Second Circuit case law at the time foreclosed the vagueness argument, *see id.*, I respectfully find that reliance inconsistent with *Bousley*.  *See Mizell v. United States*, No. 19-CV-6849, 2020 WL 2216561, at *5 (S.D.N.Y. May 6, 2020).

vagueness. But they argue that Count 32 was predicated not just on a conspiracy to commit a crime of violence, but on actual crimes of violence that categorically fit under the elements clause – specifically, murder and attempted murder in aid of racketeering. I agree.

The existence of at least one valid predicate for that count suffices to preserve the conviction. "In the context of § 924(c), when a conviction rests on the use of a gun in relation to multiple predicates, and one of the predicates is later found to be invalid, the conviction may still survive if the § 924(c) charge is clearly supported by a predicate presenting no legal concern." *Rosario Figueroa v. United States*, No. 16-CV-4469, 2020 WL 2192536, at *4 (S.D.N.Y. May 6, 2020) (cleaned up); *see United States v. Gomez*, No. 08-CV-171, 2021 WL 2592965, at *3 (S.D.N.Y. June 24, 2021) (collecting cases upholding § 924(c) conviction where alternative predicate crime remained valid and record indicates jury must have considered it). Here the § 924 charges are "clearly supported" by non-conspiracy predicates, as evidenced by the jury's convictions for the substantive counts corresponding to those predicates.

Specifically, the jury convicted Petitioner of Count 5, which charged the murder of Jeffrey Zachary. In convicting on Count 32 it found the use of a firearm in connection with that offense.[5] To paraphrase what I stated in connection with Pagan's co-defendant's similar argument, *see Sanchez v. United States*, Nos. 16-CV-9418 and 10-CR-392, 2021 WL 1164538, at *3 (S.D.N.Y. Mar. 25 2021), there can be no doubt that the jury found the use of the firearm not

---

[5]Count 32 charged a violation of § 924(j)(1), which imposes liability where a § 924(c) violation causes a death and "the killing is a murder." 18 U.S.C. § 924(j)(1). Thus, in convicting on that count, the jury necessarily found the murder predicate to have been proven. Count 32 was also based on Count 4, which charged the attempted murder in aid of racketeering of a Bloods member called "Bless." Pagan, the leader of the Newburgh Latin Kings, directed two others to shoot "Bless," but in attempting to do so they killed Zachary, a fifteen-year-old innocent bystander.

just in connection with the conspiracy predicates, but with the substantive crimes of violence as well.  Given that the offense involved a shooting and the victim ended up with one or more bullets in his body, there was no view of the evidence that would have permitted the jury to convict based on any kind of weapon other than a firearm, or to have concluded that the firearm was used only in connection with a conspiracy.  *See Mayes v. United States*, No. 12-CR-385, 2021 WL 3111906, at *8 (E.D.N.Y. July 21, 2021) (finding "absurd" the notion that § 924(c) conviction was predicated only on now-invalid conspiracy and not on substantive offense for which firearm used), *certificate of appealability denied*, No. 21-2119, 2022 WL 610343 (2d Cir. Feb. 9, 2022); *United States v. Riley*, No 96-CR-149, 2021 WL 2186229, at *5 (E.D.N.Y. May 28, 2021) ("[W]here the murder conspiracy and murder charges involve *the same murder*, the jury's finding of guilt on the murder count ought to end the analysis as it eliminates any reasonable possibility that the corresponding firearm conviction could have relied only on the conspiracy count.") (emphasis in original), *appeal filed*, No 21-1579 (2d Cir. June 25, 2021).  In short, "the evidence that the jury must have credited in order to convict the Defendant of [the substantive counts] was the evidence that proved the use of a gun in connection with th[ose counts].  Thus, Petitioner's conviction on [the § 924(j) count] was 'clearly supported' by the [substantive crime] predicate[s]."  *Rosario Figueroa*,  2020 WL 2192536, at *5.[6]

---

[6]For the same reasons, I have no doubt, let alone "grave doubt," *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995), that the error in instructing the jury that the § 924(j) conviction could be predicated on a conspiracy did not have a "substantial and injurious effect or influence in determining the jury's verdict," *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (cleaned up). The evidence in this case simply did not permit the jury to conclude that the firearm was used only in connection with the conspiracies, not the attempted murder or the murder, and the jury could not have convicted under § 924(j) unless convinced beyond a reasonable doubt that the firearm was used in the course of a murder.

Accordingly, Count 32 survives if the substantive, non-conspiracy predicates constitute crimes of violence after *Davis*. Petitioner argues that they do not, because the New York state law predicates underlying the VICAR[7] counts on which Count 32 was based can be committed by inaction. (ECF No. 1281 at 1-3.) He acknowledges, however, that binding Second Circuit authority is to the contrary. (*Id.* at 2-3.) Intentional murder under New York Penal Law § 125.25 and attempted murder under New York Penal Law §§ 125.25 and 110.00 are crimes of violence within the meaning of § 924(c)(3)(A). *See, e.g., Moore v. United States*, No. 16-3715, 2021 WL 5264270, at *2 n.1 (2d Cir. Nov. 12, 2021) (summary order); *United States v. Martinez*, 991 F.3d 347, 355 n.4 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 179 (2021)*; Scott*, 990 F.3d at 100, 109, 121-22; *United States v. Sierra*, 782 F. App'x 16, 20-21 (2d Cir. 2019) (summary order); *Sanchez*, 2021 WL 1164538, at *5; *United States v. Medunjanin*, No. 10-CR-19, 2020 WL 5912323, at *4-5 (E.D.N.Y. Oct. 6, 2020).

Petitioner further suggests that his conviction on Count 32 cannot stand because "VICAR murder" is not a crime of violence because it can be committed recklessly. He is incorrect.[8] The VICAR offenses underlying Count 32 were the VICAR attempted murder charged in Count Four and the VICAR murder charged in Count 5, both of which were based on New York Penal Law Sections 125.25. That section, which defines murder in the second degree, indeed criminalizes both causing the death of another with intent to cause death, *see* N.Y. Penal Law § 125.25(1),

---

[7]VICAR is the acronym for violent crime in aid of racketeering, prohibited by 18 U.S.C. § 1959.

[8]To the extent Petitioner's argument is that VICAR counts based on murder or attempted murder must meet the definition of "crime of violence," he is also incorrect. *See United States v. Lugo*, No. 01-CR-922, 2020 WL 5802324, at *2 (E.D.N.Y. Sept. 29, 2020).

and recklessly causing death with depraved indifference to human life, *see id.* § 125.25(2).  But § 125.25 is divisible, in that it sets out elements of the offense in the alternative, and therefore the modified categorical approach applies.  *See United States v. Curry*, No. 17-CR-103, 2021 WL 4987923, at *2 & n.1 (W.D.N.Y. Oct. 27, 2021); *United States v. Dhinsa*, No. 97-CR-672, 2020 WL 7024377, at *2-3 (E.D.N.Y. Nov. 30, 2020).[9]  Under that approach, the court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's" conviction.  *Descamps v. United States*, 570 U.S. 254, 257 (2013).  Here Counts 4 and 5 did not specify a subsection of § 125.25, but Count 5 specified that the murder was intentional, and in connection with both counts the jury was instructed on 125.25(1).  It was informed that both counts required intent to kill.  (ECF No. 701 at 3930-31 (explaining that murder and attempted murder under New York law require intent to kill); *see id.* at 3954 (incorporating above instruction with respect to Counts 4 and 5); *id.* at 3965, 3971 (incorporating instruction as to Counts 4 and 5 with respect to Count 32).  Because both possibilities required intent, the inapplicable section permitting conviction based on recklessness is irrelevant.

Likewise, *United States v. Young*, No. 19-50355, 2021 WL 3201103, at *3 (9th Cir. July 28, 2021), *petition for cert. filed*, No. 21-6787 (Jan. 10, 2022), and the plurality opinion in *Borden v. United States*, 141 S. Ct. 1817, 1825 (2021), on which Petitioner relies, do not aid him.  Both cases involved predicate crimes that, unlike the predicates here, could be committed recklessly.

---

[9]The VICAR statute, 18 U.S.C. § 1959, is itself divisible.  *United States v. Varona*, No. 95-CR-1027, 2021 WL 2873793, at *4 (S.D.N.Y. July 8, 2021).

In short, because the New York statutes underlying the substantive violent crimes in aid of racketeering are crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), and because those substantive violent crimes in aid of racketeering are therefore also crimes of violence under that clause, and because those substantive violent crimes in aid of racketeering underlie the challenged § 924(j) violation, that conviction remains valid.  Thus, this case joins the many where "District Courts in this Circuit have consistently held against petitioners like Pagan who, post-*Davis*, have moved to vacate their section 924(c) convictions predicated on convictions for both murder conspiracy and substantive murder," finding the latter predicate to remain valid.  *Pagan v. United States*, No. 16-CV-601, 2021 WL 4973629, at *6 (D. Conn. Oct. 25, 2021) (collecting cases), *appeal filed*, No. 21-2818 (Nov. 10, 2021).

III.     Resentencing

Petitioner suggests that the Court, in its discretion, hold a plenary resentencing, (ECF No. 1281 at 9-10), whereas the Government, while initially suggesting the same, (ECF No. 1131 at 22), now suggests – in light of Petitioner's mandatory life term on Count 5 – that the Court simply vacate the convictions and sentences on Counts 30 and 33, which would reduce Petitioner's total sentence from life plus 85 years to life plus 35 years, (ECF No. 1277 at 10-11). I would follow the Government's suggest but for the possibility, raised not by Petitioner but by his co-defendant, *see Sanchez*, 2021 WL 1164538, at *6, that the "stacking" provision of 924(c)(1)(C) would not apply at a resentencing under § 403(a) of the First Step Act, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 (2018).  Accordingly, no later than May 16, 2022, Petitioner shall advise as to his position on that issue, and the Government shall respond by June 6, 2022.

11

Conclusion

For the reasons stated above, the Petition is granted as to Counts 30 and 33 and denied as to Count 32. Whether I will merely vacate the convictions and sentences on Counts 30 and 33, or conduct a full resentencing, will await the briefing described above.

As Petitioner makes no substantial showing of a denial of a constitutional right as to Count 32, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). The Clerk of Court shall docket this Order in No. 10-CR-392 and No. 17-CV-1444, and close No. 17-CV-1444.

SO ORDERED.

Dated: April 14, 2022
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.