UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
WILSON PAGAN,

                Petitioner,

      -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

ORDER

17-CV-1444 (CS)
10-CR-392-1 (CS)

Appearances:

Edward S. Zas
Assistant Federal Defender
New York, New York

*Attorney for Petitioner*

Michael Maimin
Assistant United States Attorney
White Plains, New York

*Attorney for the United States*

Seibel, J.

       This Order results from my Order of April 14, 2022, (ECF No. 1289 at 11), that the parties address whether I should conduct a plenary resentencing and whether section 403(b) of the First Step Act – which eliminated the "stacking" requirement for convictions under 18 U.S.C. § 924(c) obtained at the same trial – would apply at such a proceeding. The parties have responded. (ECF Nos. 1290-91.)

       Essentially for the reasons set forth by the Government, (ECF No. 1291 at 4-11), I decline to resentence. I recognize that I have the discretion to vacate some or all of the sentences and conduct a *de novo* resentencing. I have exercised that discretion in other cases where the total

sentence was the result of an interdependent "sentencing package," and the vacatur of the sentence on one conviction left the remaining total sentence inadequate. But where the vacatur of a sentence makes no practical difference in the amount of time the defendant will serve, I see no need to waste the parties', Probation's, the Marshals' or the Court's time and resources by conducting a proceeding with no real-world effect.

Resentencing here would (among other things) require the parties to litigate and the Court to decide the unsettled issue of whether section 403(b) would apply at a resentencing. Defendant Pagan faces a mandatory minimum life-plus sentence no matter how you slice it (life plus 35 years if I simply vacate the convictions and sentences on Counts 30 and 33, and life plus 20 years if I also resentence on Counts 29 and 32 without stacking). *See Symonette v. United States*, No. 10-CR-60292, 2020 WL 7767545, at *1 (S.D. Fla. Dec. 30, 2020) (declining to resentence where vacatur of consecutive § 924(c) sentence would have "no real effect" because life sentence imposed on remaining counts), *certificate of appealability denied*, No. 21-10287, 2021 WL 3186792 (11th Cir. Apr. 30, 2021), *cert. denied*, 142 S. Ct. 385 (2021); *United States v. Pena*, No. 09-CR-341, 2020 WL 7398744, at *1 (S.D.N.Y. Dec. 17, 2020) (declining to resentence where vacatur of § 924(c) counts had no effect on sentences of mandatory life on remaining counts), *appeal filed*, No. 20-4192 (2d Cir. Dec. 18, 2020); *cf Al-'Owhali v. United States*, No. 21-3174, 2022 WL 2057539, at *3 (2d Cir. June 8, 2022) (court has discretion under concurrent sentencing doctrine to decline to review claim on collateral review when challenged sentence runs consecutively to unchallenged life sentence).

No purpose would be served by vacating the sentences on Counts 29 and 32 and resentencing. I therefore vacate the convictions and sentences on Counts 30 and 33 in

accordance with my previous decision, (ECF No. 1289), and will enter an amended judgment reflecting the same.

As Petitioner makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253; *Mathews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  The Clerk of Court shall docket this Order in No. 10-CR-392 and No. 17-CV-1444.

SO ORDERED.

Dated: June 28, 2022
       White Plains, New York

                                  _____
                                  CATHY SEIBEL, U.S.D.J.